**FILED**

2024 Apr-19  PM 12:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

JAMES VESTAL, an incompetent
adult, by and through his next friend
and Mother, KIMBERLY CARTER,

       Plaintiff,

v.

KAREN BALLARD-
MONTGOMERY, M.D.,

       Defendant.

CIVIL ACTION CASE
2:24-cv-

## NOTICE OF REMOVAL

COMES NOW the United States of America on behalf of Dr. Karen Ballard-Montgomery, a federal employee, by and through Prim F. Escalona, United States Attorney for the Northern District of Alabama, and Jack Hood, and Margaret Lester Marshall, Assistant U.S. Attorneys, and gives notice of removal of the above-captioned civil action pursuant to 42 U.S.C. § 233 and shows as follows:

1.    Dr. Ballard-Montgomery is named a defendant in the above-captioned civil action now pending in the Circuit Court of Bibb County, Alabama, in Civil Action No. 07-CV-2024-900003.00 (Exhibit 1). Plaintiff filed suit on or about January 10, 2024, and the case has not yet gone to trial.

2.      In this case, Plaintiff James Vestal, an incompetent adult, by and through his next friend and Mother, Kimberly Carter, alleges that on or about from February7, 2019 through May 25, 2023 (date of colonoscopy that revealed a colorectal mass which was determined to be stage IV metastatic adenocarcinoma), Dr. Ballard-Montgomery, an employee of the Cahaba Medical Care Foundation ("Health Center"), provided Plaintiff with negligent medical care in failing to diagnose and treat this cancer at an earlier stage.

3.      At the time of the alleged medical treatments, Dr. Ballard-Montgomery was an employee of the Cahaba Medical Care Foundation, an entity that the Secretary of Health and Human Services (HHS) had deemed to be an employee of the Public Health Service ("PHS") under applicable provisions of the Federally Supported Health Centers Assistance Act ("FSHCAA") (42 U.S.C. § 233(g)-(n)).

4.      Thus, by operation of the FSHCAA, Dr. Ballard-Montgomery was deemed to be a PHS employee for purposes of 42 U.S.C. § 233 at the time of the incidents giving rise to suit.

5.      As shown by the Certification of Scope of Employment (Exhibit 2) filed herewith, Dr. Ballard-Montgomery was a covered person acting within the scope of her "deemed" federal employment with the PHS with respect to the acts or omissions giving rise to suit.

6.     Section 42 U.S.C. 233(c) provides that upon certification by the Attorney General that the defendant employee was acting within the scope of her employment at the time of the incident out of which the claim arose, any state-court civil action or proceeding commenced upon a claim against her for damages for personal injury (or death) resulting from the performance of medical or related functions shall be removed to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending and shall proceed against the United States.

5.     The United States of America, on behalf of Dr. Ballard-Montgomery, files herewith copies of the summons and complaint and the Alabama SJIS Case Detail showing docket entries (Exhibit 1) in *James Vestal, an incompetent adult, by and through his next friend and Mother, Kimberly Carter v. Karen Ballard-Montgomery, M.D.*, Civil Action No. 07-CV-2024-900003.00 (Bibb County Circuit Court), which indicates all that she has received by way of process, pleadings, notices, and orders to date.

WHEREFORE, this action is hereby removed from the Circuit Court of Bibb County, Alabama to the U.S. District Court for the Northern District of Alabama, Southern Division.

Respectfully submitted,

PRIM F. ESCALONA
UNITED STATES ATTORNEY

**s/ Jack Hood**

Jack Hood

**s/ Margaret Lester Marshall**

Margaret Lester Marshall

Assistant United States Attorneys

U.S. Attorney's Office

State Bar No. D41J (Hood)

State Bar No. X29Q (Marshall)

1801 Fourth Avenue North

Birmingham, Alabama 35203

(205) 244-2001

(205) 244-2181 (fax)

jack.hood@usdoj.gov

margaret.marshall@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the foregoing Notice of the United States Under 42 U.S.C. § 233(l)(1) was sent by first-class mail and by email on April 19, 2024, to the following:

Lloyd W. Gathings, Esq.

Todd S. Strohmeyer, Esq.

Attorneys for Plaintiff

Gathings Law

2140 11st Avenue North

Suite 210

Birmingham, Alabama 35205

Telephone: (205) 322-1201

Fax: (205) 322-1202

E-mail: lgathings@gathingslaw.com

E-mail: tstromeyer@gahtingslaw.com

**/s/ Jack Hood**

Jack Hood

Assistant United States Attorney

DOCUMENT 5

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>07-CV-2024-900003.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA
### JAMES VESTAL V. KAREN BALLARD-MONTGOMERY, M.D. ET AL

**NOTICE TO:** KAREN BALLARD-MONTGOMERY, M.D., 28921 HIGHWAY 5, WOODSTOCK, AL 35188

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
LLOYD WEAVER GATHINGS

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2140 11th Avenue S., Ste 210, BIRMINGHAM, AL 35205

*(Address(es) of Plaintiff(s) or Attorney(s))*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

JAMES VESTAL
*[Name(s)]*

| 01/10/2024 | /s/ KAYLA COONER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ LLOYD WEAVER GATHINGS

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on

_____
*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____
*(First and Last Name of Person Served)* *(Name of County)* *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:
*(First and Last Name of Person Served)* *(Name of County)* *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| _____ | _____ | _____ |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |

| _____ | _____ | |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |

| _____ | _____ | |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

DOCUMENT 1

ELECTRONICALLY FILED
1/10/2024 3:15 PM
07-CV-2024-900003.00
CIRCUIT COURT OF
BIBB COUNTY, ALABAMA
KAYLA COONER, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>07<br>Date of Filing:<br>01/10/2024 | CIRCUIT COURT OF<br>BIBB COUNTY, ALABAMA<br>KAYLA COONER, CLERK<br>Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA
### JAMES VESTAL v. KAREN BALLARD-MONTGOMERY, M.D. ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  **First Defendant:** ☐ Business  ☑ Individual
☐ Government  ☐ Other                            ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ QTLB - Quiet Title Land Bank
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING      A ☐ APPEAL FROM          O ☐ OTHER
DISTRICT COURT

R ☐ REMANDED      T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
GAT001          1/10/2024 3:15:24 PM          /s/ LLOYD WEAVER GATHINGS
Date                              Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES ☐ NO ☑ UNDECIDED

Election to Proceed under the Alabama Rules for Expedited Civil Actions:  ☐ YES ☑ NO

DOCUMENT 2



ELECTRONICALLY FILED
1/10/2024 3:15 PM
07-CV-2024-900003.00
CIRCUIT COURT OF
BIBB COUNTY, ALABAMA
KAYLA COONER, CLERK

## IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA

CIVIL ACTION NO. : _____

JAMES VESTAL, an incompetent adult, by and through his next friend and Mother, KIMBERLY CARTER;

     **Plaintiff,**

V.

KAREN BALLARD-MONTGOMERY, M.D.; **Fictitious Defendant No. 1,** whether singular or plural, that entity which undertook to provide medical, diagnostic, rehabilitative, technical, or therapeutic services to Plaintiff, whose negligence, breach of the standard of care, breach of contract or other actionable conduct contributed to cause the injuries to Plaintiff; **Fictitious Defendant No. 2,** whether singular or plural, that medical partnership, professional association, or professional corporation which undertook to provide medical services to Plaintiff, whose negligence, breach of the standard of care, breach of contract, other actionable conduct contributed to cause the injuries to Plaintiff; **Fictitious Defendant No. 3,** whether singular or plural, that physician (including an intern, resident or fellow) who undertook to provide medical services to Plaintiff, the negligence, breach of the standard of care, breach of contract, or other actionable conduct of whom contributed to cause the injuries to Plaintiff; **Fictitious Defendant No. 4,** whether singular or plural, that licensed, registered, or practical nurse who undertook to provide medical services to Plaintiff, whose negligence, breach of the standard of care, breach of contract, or other actionable conduct of whom contributed to cause the injuries to Plaintiff; **Fictitious Defendant No. 5,** whether singular or plural, that medical services therapist, technician, or worker who undertook to provide services to Plaintiff whose negligence, breach of the standard of care, breach of contract, or other actionable conduct of whom contributed to cause the injuries to Plaintiff; **Fictitious Defendant No. 6,** whether singular or plural, that student health care practitioner who undertook to provide services to Plaintiff, whose negligence, breach of the standard of care, breach of contract or other actionable conduct of whom contributed to cause the injuries to Plaintiff; **Fictitious Defendant No. 7,** whether singular or plural, that physicians' assistant who undertook to provide medical services to Plaintiff, whose negligence, breach of the standard of care, breach of contract, or other actionable conduct of whom contributed to cause the injuries to Plaintiff; **Fictitious Defendant No. 8,** whether singular or plural, that entity or those entities, who or which was the employer of any nurse whose action or inaction caused and contributed to Plaintiff's injuries and damages as alleged in Plaintiff's complaint; **Fictitious Defendant No. 9,** whether singular or plural, that entity which concerning the actions and inactions made the basis of this suit, was the principal of any of the named or above-described fictitious party defendants; **Fictitious Defendant No. 10,** whether singular or plural, that entity which is the correct designation, predecessor, transferee, or successor-in-interest of the named or above described Fictitious Party Defendants; **Fictitious Defendant No. 11,** whether singular or plural, that person, who, as an owner, stockholder, partner, associate, employee, or agent of any of the Fictitious Party Defendants who undertook to provide any health care or related service to Plaintiff on the occasion made the basis of this suit, the negligence, breach of the standard of care, breach of contract or other actionable conduct of whom contributed to cause the injuries to Plaintiff;

**Fictitious Defendant No. 12**, whether singular or plural, the entity other than those described above, the negligence, breach of the standard of care, breach of contract or other wrongful conduct of which contributed to cause the injuries to Plaintiffs; and **Fictitious Defendant No. 13**, whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, for any of the named or fictitious party defendants listed or named herein. Plaintiff avers that the identity of the above fictitious party defendants is otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time their identity as proper party defendants is not known to Plaintiff at this time, but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

Defendants.

## COMPLAINT

1.     Plaintiff James Vestal is an adult autistic male and incompetent person, who brings this action by and through his Mother and next friend Kimberly Carter, and at all relevant times, both were individual resident citizens of the State of Alabama and over the age of nineteen (19) years, (hereinafter, "Plaintiff").

2.     Defendant, Dr. Karen Ballard-Montgomery, is an individual resident citizen of the State of Alabama and is over the age of nineteen (19) years. At all relevant times, Defendant Dr. Ballard-Montgomery practiced medicine as a primary care physician in Bibb County, Alabama.

3.     Fictitious Party Defendants, Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13 are those other defendant whose names are otherwise unknown and will be supplied by amendment when ascertained and are the respective entities who or which fit the following descriptions: **Fictitious Defendant No. 1**, whether singular or plural, that entity which undertook to provide medical, diagnostic, rehabilitative, technical, or therapeutic services to Plaintiff whose negligence, breach of the standard of care, breach of contract or other actionable conduct contributed to cause the injuries to Plaintiff; **Fictitious Defendant No. 2**, whether singular or plural, that medical partnership, professional association, or professional corporation which

2

undertook to provide medical services to Plaintiff whose negligence, breach of the standard of care, breach of contract, other actionable conduct contributed to cause the injuries to Plaintiff; **Fictitious Defendant No. 3**, whether singular or plural, that physician (including an intern, resident or fellow) who undertook to provide medical services to Plaintiff, the negligence, breach of the standard of care, breach of contract, or other actionable conduct of whom contributed to cause the injuries to Plaintiff; **Fictitious Defendant No. 4**, whether singular or plural, that licensed, registered, or practical nurse who undertook to provide medical services to Plaintiff whose negligence, breach of the standard of care, breach of contract, or other actionable conduct of whom contributed to cause the injuries to Plaintiff; **Fictitious Defendant No. 5**, whether singular or plural, that medical services therapist, technician, or worker who undertook to provide services to Plaintiff whose negligence, breach of the standard of care, breach of contract, or other actionable conduct of whom contributed to cause the injuries to Plaintiff; **Fictitious Defendant No. 6**, whether singular or plural, that student health care practitioner who undertook to provide services to Plaintiff whose negligence, breach of the standard of care, breach of contract or other actionable conduct of whom contributed to cause the injuries to Plaintiff; **Fictitious Defendant No. 7**, whether singular or plural, that physicians' assistant who undertook to provide medical services to Plaintiff, whose negligence, breach of the standard of care, breach of contract, or other actionable conduct of whom contributed to cause the injuries to Plaintiff; **Fictitious Defendant No. 8**, whether singular or plural, that entity or those entities, who or which was the employer of any nurse whose action or inaction caused and contributed to Plaintiff's injuries and damages as alleged in Plaintiff's complaint;; **Fictitious Defendant No. 9,** whether singular or plural, that entity which concerning the actions and inactions made the basis of this suit, was the principal of any of the named or above-

DOCUMENT 2

described Fictitious Party Defendants; **Fictitious Defendant No. 10**, whether singular or plural, that entity which is the correct designation, predecessor, transferee, or successor-in-interest of the named or above described Fictitious Party Defendants; **Fictitious Defendant No. 11**, whether singular or plural, that person, who, as an owner, stockholder, partner, associate, employee, or agent of any of the Fictitious Party Defendants who undertook to provide any health care or related service to Plaintiff on the occasion made the basis of this suit, the negligence, breach of the standard of care, breach of contract or other actionable conduct of whom contributed to cause the injuries to Plaintiff; **Fictitious Defendant No. 12**, whether singular or plural, the entity other than those described above, the negligence, breach of the standard of care, breach of contract or other wrongful conduct of which contributed to cause the injuries to Plaintiff; and **Fictitious Defendant No. 13**, whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, for any of the named or Fictitious Party Defendants listed or named herein. Plaintiff avers that the identity of the above Fictitious Party Defendants is otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time their identity as proper party defendants is not known to Plaintiff at this time, but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

4.     At all times herein concerned, Defendant, her agents, servants, and employees held themselves out to the general public and in particular to Plaintiff as competent as a primary care physician and expert in medical diagnosis, treatment, care and all other medical issues and conditions of which Plaintiff sought care and treatment from Defendant.

5.     On or about January 10, 2019, Plaintiff, an adult autistic male, sought and established primary medical care with Defendant Dr. Ballard-Montgomery. On these occasions

4

Plaintiff was accompanied by his mother and/or maternal grandmother in which Defendant Dr. Ballard-Montgomery established primary comprehensive medical care of Plaintiff to diagnose and treat illnesses, prevent disease, manage conditions as Plaintiff's main health care provider for non-emergency health care. On this date, a medical history was taken showing Plaintiff has a strong family history of colon cancer. Plaintiff sought care and guidance and reported to Defendant that he suffered from weekly diarrhea, abdominal pain, and bloody stools.

6.      On or about February 7, 2019, Plaintiff presented to Defendant with complaints of bloody stools and diarrhea without constipation. Thereafter, Plaintiff continued primary medical care from Defendant with visits on February 21, 2019; April 11, 2019; July 16, 2019; November 12, 2019; December 12, 2019; February 25, 2020; March 20, 2020; May 12, 2020; September 3, 2020; November 13, 2020; February 12, 2021; May 14, 2021; June 4, 2021; August 13, 2021; November 12, 2021; February 14, 2022; May 26, 2022; August 18, 2022; November 15, 2022; and February 27, 2023. On each visit, Plaintiff Vestal's mother and/or grandmother complained to Defendants that Plaintiff Vestal was experiencing chronic and ongoing diarrhea with blood present. Despite these complaints, symptoms and patient family history, Defendant failed to screen and test Plaintiff Vestal for colon cancer.

7.      On or about April 18, 2023, Plaintiff presented to Defendant for additional follow-up for diarrhea, rectal bleeding with nausea and vomiting. On or about May 25, 2023, Plaintiff was referred to gastroenterologist Dr. Luttrell as a patient with a strong family history of colon cancer, chronic diarrhea, and bloody stools without constipation. Thereafter, a CT revealed a defect with the rectosigmoid junction indicating a possible mass in his colon. After colonoscopy, Plaintiff was found to have a colorectal mass of 12 to 18 cm from the anal verge for which pathology revealed to now be a stage IV metastatic adenocarcinoma.

DOCUMENT 2

## COUNT I

### Negligence and Wantonness

8.     Plaintiff hereby adopts and incorporates by reference each of the foregoing paragraphs of this Complaint as if set forth fully in Count I.

9.     Defendant Dr. Ballard-Montgomery, and one or more of the Fictitious Party Defendants, breached the standard of care by negligently and/or wantonly, carelessly, and/or unskillfully caring for and treating Plaintiff, James Vestal, including, but not limited to as follows:

    a.   Negligently and/or wantonly failed to follow the standard of care and skill of the average qualified member of the profession practicing the specialties practiced by the Defendant, her agents, servants, and employees, taking into account advances in the profession;

    b.   Negligently and/or wantonly failed to follow the standard of care and skill of the average primary care physician practiced by Defendant, and her agents, servants and employees undertaking the care of patients such as Plaintiff, taking into account advances in the profession;

    c.   Negligently and/or wantonly failed to suspect and diagnose colon cancer;

    d.   Negligently and/or wantonly failed to investigate and diagnose the cause of Plaintiff's diarrhea and rectal bleeding;

    e.   Negligently and/or wantonly failed to order a fecal occult blood test for Plaintiff;

    f.   Negligently and/or wantonly failed to order a colonoscopy;

    g.   Negligently and/or wantonly failed to refer Plaintiff to a GI physician;

6

h.   Negligently and/or wantonly failed to follow up on Plaintiff's rectal bleeding and diarrhea;

i.   Negligently and/or wantonly delaying the diagnosis of colon cancer.

10.   As a direct and proximate result of the negligence and/or wantonness of Defendant Dr. Ballard-Montgomery, including the Fictitious Party Defendants, which combined and concurred, Plaintiff has been caused to suffer the following injuries and damages:

a.   Delay in the diagnosis and treatment of colon cancer;

b.   Advanced Stage IV metastatic colon cancer;

c.   Need for major colon resection surgery ;

d.   Need for chemotherapy;

e.   Prolonged hospitalization and recovery;

f.   Poor prognosis and survival rates for metastatic cancers;

g.   Poor morbidity;

h.   Past and future pain, suffering and mental anguish;

i.   Past and future loss of enjoyment of life;

j.   Past and future limitation of activities;

k.   Past and future medical bills and expenditures.

Wherefore, Plaintiff James Vestal demands judgment against the Defendant, including Fictitious Party Defendants 1 – 13, jointly and severally, and requests that the jury selected to hear this case render a verdict for the Plaintiff and against each Defendant in a sum in excess of the jurisdictional limits of this Court, which will fairly and adequately compensate Plaintiff for the above-described damages, together with interest and the costs of the proceedings. Plaintiff further requests that the jury award punitive damages to Plaintiff in an amount which is adequate to reflect

the enormity of the Defendants' wrongful acts and which will deter and/or prevent other similar or wrongful acts.

Respectfully submitted this 10th day of January, 2024.

/s/ Lloyd W. Gathings
Lloyd W. Gathings (GAT001)
Todd S. Strohmeyer (STR036)
Attorneys for Plaintiffs

**OF COUNSEL:**
Gathings Law
2140 11th Avenue North, Ste. 210
Birmingham, AL 35205
Telephone: 205.322.1201
Facsimile: 205.322.1202
lgathings@gathingslaw.com
tstrohmeyer@gathingslaw.com

**Plaintiff's Address:**
P.O. Box 431
Hamilton, Alabama 35570

## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Lloyd W. Gathings
OF COUNSEL

**PLEASE SERVE DEFENDANT WITH THE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS**

Dr. Karen Ballard-Montgomery
28921 Highway 5,
Woodstock, AL 35188

DOCUMENT 3



ELECTRONICALLY FILED
1/10/2024 3:15 PM
07-CV-2024-900003.00
CIRCUIT COURT OF
BIBB COUNTY, ALABAMA
KAYLA COONER, CLERK

## IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA

JAMES VESTAL, an incompetent adult,   )
by and through his next friend and   )
Mother, KIMBERLY CARTER;   )
   )   **CIVIL ACTION NUMBER:**
    Plaintiff,   )
   )   _____
v.   )
   )
KAREN BALLARD-MONTGOMERY, M.D.,   )
   )
    Defendant.   )

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT KAREN BALLARD-MONTGOMERY, M.D.

COMES NOW the Plaintiff in the above-styled cause and hereby requests that Defendant **Karen Ballard-Montgomery, M.D.** (hereinafter referred to as "Defendant" or "Dr. Ballard-Montgomery"), answer the following interrogatories and request for production of documents within the time and in the manner required by Rules 33 and 34 of the Alabama Rules of Civil Procedure. In addition, Plaintiff requests that Defendant attach a copy of each and every document referred to or relied upon in answering any of the interrogatories or referenced in Defendant's responses thereto or that Defendant state the date and time said documents will be produced for inspection and copying at the office of the Plaintiff's attorney.

**NOTE**: These interrogatories shall be deemed continuing so as to require supplemental answers or responses upon receipt of additional information by the defendant or the defendants' attorneys subsequent to your original response. Any such supplemental answers or responses are to be filed and served upon counsel for Plaintiffs within thirty (30) days from receipt of such additional information but not later than the first day of the trial of this case.

1

DOCUMENT 3

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions are to be used when answering these requests for production:

1.    The terms "you" and "yours", unless otherwise specified, means Karen Ballard-Montgomery, M.D.

2.    The term "document" whether used in the singular or plural, when used herein shall be interpreted in its broadest sense, and shall include any original, reproduction, or copy of any kind of writing or documentary material, including, without limitation, correspondence, letters, memoranda, interoffice communications, e-mail, notes, records, reports, inspection reports, financial statements, financial records, contracts, microfilm, microfiche, video or audio recordings, memoranda of telephone or personal communications, shipping records, bills of lading, minutes of meetings, invoices, billings, checks, reports, bulletins, brochures, charts, drafts, computer tapes and any other physical recordation of any and all writings or communications, and every other means of recording or preserving any tangible information, which employs the use of letters, words, pictures, symbols, or any combination thereof, including, but not limited to, electronically stored information. The word "document(s)" shall include all documents in your actual or constructive possession, custody, or control, that were prepared or made before, during or after the discovery period that relate to transactions, occurrences, or operations pertaining to the circumstances made the basis of this lawsuit.

3.    If you are unable to answer any of the following requests for production completely, you should answer to the extent possible and should state, in detail, the reason that your answer is incomplete or the reason that you are unable to answer the question(s) or produce the requested documents or records.

2

DOCUMENT 3

4.    If you choose to respond to an Interrogatory by producing documents and electronically stored information, clearly indicate to which Interrogatory and subparagraph to which the documents are responsive. If you have already produced documents that are responsive to an Interrogatory, describe the documents and the Interrogatory and subparagraph to which they respond.

## INTERROGATORIES

1. Please state your full name, Social Security number, residential address, office address, and occupation.

   **RESPONSE:**

2. Please list each pre-medical college or educational or military institution attended by you subsequent to high school graduation, providing:

         (a)     the complete name of each institution;,
         (b)     the address or location of each institution;
         (c)     the inclusive dates of enrollment; and
         (d)     the course of study and any degrees received.

   **RESPONSE:**

3. Please list each medical school you ever attended or from which you graduated, and for each give:

         (a)     the name of each medical school;
         (b)     the address or location of such school;
         (c)     inclusive dates of enrollment;
         (d)     any degrees received or course of study; and

(e)     whether such medical school is an accredited medical school, and if so, by whom each school is accredited.

**RESPONSE:**

4. Please give the name and address of each health care institution at which you served an internship and/or residency or held a fellowship, and specify as to each such health care institution:

(a)     inclusive dates of your employment;
(b)     your title or titles; and
(c)     the specialty field, if any, within which you worked.

**RESPONSE:**

5. If you confine your medical practice to a particular specialty, please state the nature of your specialty, the inclusive dates you have practiced the specialty and the name and address of institutions where you have received training in such specialty, and the dates of any such specialty training.

**RESPONSE:**

6. In which state(s) and/or country(ies) do you hold a license to practice medicine?

**RESPONSE:**

4

7. Have you ever had any medical license denied, suspended, revoked, or restricted in any state or country? If so, please state for each in what way(s) your license was restricted, the date it was denied, suspended, revoked, or otherwise restricted, and the reason for the same.

**RESPONSE:**

8. Please state each hospital and its address where you had staff privileges during the period in question(your treatment of Plaintiff James Vestal).

**RESPONSE:**

9. Have you ever had any staff privilege denied, revoked, suspended, or restricted at any hospital? If so, please state in what way it was restricted, the reasons for the same, the name of the disciplinary body that denied, revoked, suspended, or restricted it, and the date of the same.

**RESPONSE:**

10. Please state the name and address of each hospital, clinic, medical school, or other health care facility or institution with which you are or ever have been affiliated (other than as a student or as a house officer), and as to each such institution, indicate the nature of your affiliation, the inclusive dates thereof, and your title or titles.

**RESPONSE:**

11. Please list and describe every medical journal, magazine, newsletter, circular, or other publication to which you subscribed or which you read to enhance your medical knowledge during the period 2018-2022, and for each publication give the title and the name and address of the publisher.

**RESPONSE:**

12. State the name and address of any entity, other than those entities named as defendant(s) in Plaintiff's complaint, that you contend breached the standard of care and caused or contributed to the delay in the diagnosis of colon cancer of Plaintiff.

**RESPONSE:**

13. State the name and address of each person, including experts, having any knowledge of the relevant facts related to the occurrence in question, the cause thereof, or the damages resulting therefrom.

**RESPONSE:**

14. State the name, address, and qualifications of each expert whom you expect to call as an

expert witness at the trial of this case, the subject matter on which the expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds of each opinion, and attach a copy of any report, including factual observations and opinions, which has been prepared by such expert.

**RESPONSE:**

15. If the Plaintiff, and/or Plaintiff's guardian(s), ever had a conversation with you, your employees, or other person in your presence, relative to the occurrence in question, please state as to each such conversation the substance of the conversation and who said what, the names and addresses of all those present, the date and time of day, and the person with whom the Plaintiff was conversing.

   **RESPONSE:**

16. If you contend that the Plaintiff was negligent in causing the occurrence in question, please list every act and omission of the Plaintiff that you contend caused or contributed to cause the occurrence in question and Plaintiff's injuries.

   **RESPONSE:**

17. If you contend that any third person's or entity's conduct in any way caused or contributed

DOCUMENT 3

to cause the occurrence in question, please set forth as fully and completely as possible each such act, identifying fully each such person or entity by full name, current address, and stating how each such person or entity caused or contributed to cause the occurrence in question and Plaintiff's injuries.

**RESPONSE:**

18. If you contend that a defect in some drug, instrument, machine, or other type of medical product in any way caused or contributed to cause the occurrence in question, please fully identify the product, its serial number, manufacturer, and the precise manner in which you contend it was defective or caused or contributed to cause the occurrence in question and Plaintiff's injuries.

**RESPONSE:**

19. Did you ever consult with any other medical practitioner concerning the diagnosis and treatment of the Plaintiff's condition? If so, for each such practitioner consulted please give the name, address, specialty, dates, and the reason for the consultation, a description of each opinion given, and whether a record was made of such consultation

**RESPONSE:**

20. What was the diagnosis and prognosis of Plaintiff when you first undertook Plaintiff's care

and received complaints of diarrhea and bloody stools, and on what data were you basing your opinion?

**RESPONSE:**

21. Please describe any investigation that was carried out by you or on your behalf following the occurrence in question, and state whether at the time it was done you were anticipating litigation in connection with the treatment of the Plaintiff in this case.

**RESPONSE:**

## REQUESTS FOR PRODUCTION

**IT IS HEREBY REQUESTED THAT ALL DOCUMENTS PRODUCED IN RESPONSE TO THE FOLLOWING REQUESTS FOR PRODUCTION BE BATES STAMPED; AND, FOR EACH REQUEST FOR PRODUCTION ELICITING A RESPONSE WHICH REFERS TO ANY DOCUMENT THAT THE RESPONSIVE DOCUMENTS BE IDENTIFIED BY REFERRING TO THEIR RESPECTIVE BATES STAMP NUMBERS IN ACCORDANCE WITH ALA. R. CIV. P. 34(b).**

1. All medical records relating to the treatment of Plaintiff James Vestal.

2. All laboratory reports, test results, and diagnostic imaging relating to the treatment of Plaintiff James Vestal.

DOCUMENT 3

3. Any written or electronic communication, including emails, memos, and/or letters between defendant and any third party concerning the Plaintiff James Vestal.

4. All documents regarding defendant's policy and procedures regarding the treatment of patients like Plaintiff James Vestal; including all documents for the treatment of cases like Plaintiff James Vestal.

5. Each medical chart, narrative, record, report, or other document (doctor or hospital records) pertaining to Plaintiff made during the course of your professional relationship with the Plaintiff.

6. A fully itemized billing statement showing charges for professional services rendered to Plaintiff during the period in question.

7. A copy of all statements previously made by the Plaintiff(s), or Plaintiff's guardian(s), concerning the occurrence in question, including any written statement signed or otherwise adopted or appointed by Plaintiff(s), and any stenographic, mechanical, electrical, or other such recording, or any transcription thereof.

8. Any and all photographs and videos taken or directed to be taken by the Defendant, in the course of, or subsequent to, your treatment and professional relationship with the Plaintiff.

9. Any and all drawings, diagrams, models, sketches, slides, or videotapes, which pertain to the treatment of the Plaintiff.

10. Copies of the most current resume or curriculum vitae of this Defendant.

11. A copy of your current medical license.

12. Any and all expert's reports that have been obtained from any expert who may be called to testify.

13. Any and all personnel records of employees listed in answers to discovery as persons having knowledge of relevant facts, including but not limited to applications for employment, appraisal reports, and time sheets for the period in question.

14. A copy of any surveillance movies, videotape, photos, or films of the Plaintiff.

15. Copies of all documents, records, or other writings or tangible things relied upon or consulted or referred to in connection with preparing these answers.

16. Any and all reports, papers, records, statistics, literature, or other documents upon which any of your expert witnesses will base his or her opinion.

17. All books and periodicals in your personal library relating to the treatment of Plaintiff. Please state a convenient time and place these can be inspected.

18. All licenses pertaining to your practice of medicine in this and all other states in which you are now or have ever been admitted to practice.

19. All documents relating to every hospital in which you have ever been permitted to practice or held any type of staff privileges that have ever revoked, forfeited, or accepted your resignation from practice or staff privileges.

20. Copies of any promotional literature or advertisements published by you for the period 2018- present.

21. All records or documents submitted by you or on your behalf to any hospital or peer review committee in connection with or relevant to the occurrence in question.

22. A copy of any investigation conducted by you or on your behalf in connection with the occurrence in question that was not done in anticipation of litigation.

Respectfully submitted this 10th day of January, 2024.

DOCUMENT 3

*/s/ Lloyd W. Gathings*
Lloyd W. Gathings (GAT001)
Todd S Strohmeyer (STR036)
Attorneys for Plaintiff

**OF COUNSEL:**
Gathings Law
2140 11ᵗʰ Avenue North, Ste. 210
Birmingham, AL 35205
Telephone: 205.322.1201
Facsimile: 205.322.1202
lgathings@gathinglsaw.com.
tstrohmeyer@gathingslaw.com.

**Plaintiff's Address:**
P.O. Box 431
Hamilton, Alabama 35570

## JURY DEMAND

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS**

*/s/ Lloyd W. Gathings*
OF COUNSEL

**PLEASE SERVE THESE INTERROGATORIES AND REQUEST FOR PRODUCTION
WITH THE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:**

Dr Karen Ballard-Montgomery
28921 Highway 5,
Woodstock, AK 35188

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>07-CV-2024-900003.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA
### JAMES VESTAL V. KAREN BALLARD-MONTGOMERY, M.D. ET AL

**NOTICE TO:** KAREN BALLARD-MONTGOMERY, M.D., 28921 HIGHWAY 5, WOODSTOCK, AL 35188

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), LLOYD WEAVER GATHINGS

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2140 11th Avenue S., Ste 210, BIRMINGHAM, AL 35205

*(Address(es) of Plaintiff(s) or Attorney(s))*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

JAMES VESTAL
*[Name(s)]*

| 01/10/2024 | /s/ KAYLA COONER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.  /s/ LLOYD WEAVER GATHINGS

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____

*(First and Last Name of Person Served)*      *(Name of County)*      *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some

person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*      *(Name of County)*      *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | **Service Return Copy** |

## ALABAMA SJIS CASE DETAIL

PREPARED FOR: JULIE GOLD
4/11/2024 9:59:18 AM

**alacourt.com**

County: **07**   Case Number: **CV-2024-900003.00**   Court Action:
Style: **JAMES VESTAL V. KAREN BALLAOD-MONTGOMERY, M.D. ET AL**

Real Time

## Case

### Case Information

| | | | | | | |
|---|---|---|---|---|---|---|
| County: | 07-BIBB | Case Number: | CV-2024-900003.00 | | Judge: | PET:COLLINS PETTAWAY, JR. |
| Style: | JAMES VESTAL V. KAREN BALLAOD-MONTGOMERY, M.D. ET AL | | | | | |
| Filed: | 01/10/2024 | Case Status: | ACTIVE | | Case Type: | NEGLIGENCE-GENERAL |
| Trial Type: | JURY | Track: | | | Appellate Case: | 0 |
| No of Plaintiffs: | 1 | No of Defendants: | 2 | | | |

### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | 0.00 | Punitive Damages: | 0.00 | General Damages: | 0.00 |
| No Damages: | | Compensatory Damages: | 0.00 | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

### Court Action

| | | | |
|---|---|---|---|
| Court Action Code: | | Court Action Desc: | Court Action Date: |
| Num of Trial days: | 0 | Num of Liens: 0 | Judgment For: |
| Dispositon Date of Appeal: | | Disposition Judge: : | Disposition Type: |
| Revised Judgement Date: | | Minstral: | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | | |
| Date Trial Began but No Verdict (TBNV2): | | | |

### Comments

| | |
|---|---|
| Comment 1: | CASE STAYED PER 04/08/24 PET ORDER AND PUT ON ADMIN |
| Comment 2: | DOCKET |

### Appeal Information

| | | | |
|---|---|---|---|
| Appeal Date: | | Appeal Case Number: | Appeal Court: |
| Appeal Status: | | Orgin Of Appeal: | |
| Appeal To: | | Appeal To Desc: | LowerCourt Appeal Date: |
| Disposition Date Of Appeal: | | Disposition Type Of Appeal: | |

### Administrative Information

| | | | | | |
|---|---|---|---|---|---|
| Transfer to Admin Doc Date: | 04/08/2024 | Transfer Reason: | O | Transfer Desc: | OTHER |
| Number of Subponeas: | | Last Update: | 04/09/2024 | Updated By: | CHN |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - VESTAL JAMES

#### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | C001-Plaintiff | Name: | VESTAL JAMES | | Type: | I-INDIVIDUAL |
| Index: | D BALLARD-MONT | Alt Name: | | Hardship: No | JID: | PET |
| Address 1: | C/O GATHINGS LAW | | | Phone: | (205) 000-0000 | |

| Address 2: | **2140 11TH AVE S STE 210** | | | | | |
| City: | **BIRMINGHAM** | State: | **AL** | Zip: | **35205-0000** Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: |

## Court Action

| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| Issued: | | Issued Type: | | Reissue: | | Reissue Type: | |
| Return: | | Return Type: | | Return: | | Return Type: | |
| Served: | | Service Type | | Service On: | | Notice of No Answer: Served By: | |
| Answer: | | Answer Type: | | Notice of No Service: | | | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | GAT001 | | GATHINGS LLOYD WEAVER II | LGATHINGS@GATHINGSLAW. COM | (205) 322-1201 |

### Party 2 - Defendant INDIVIDUAL - BALLARD-MONTGOMERY, M.D. KAREN

## Party Information

| Party: | **D001-Defendant** | Name: | **BALLARD-MONTGOMERY, M.D. KAREN** | | Type: | **I-INDIVIDUAL** |
| Index: | **C VESTAL JAMES** | Alt Name: | | Hardship: **No** | JID: | **PET** |
| Address 1: | **28921 HIGHWAY 5** | | | Phone: **(205) 000-0000** | | |
| Address 2: | | | | | | |
| City: | **WOODSTOCK** | State: | **AL** | Zip: | **35188-0000** Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: |

## Court Action

| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| Issued: | **01/10/2024** | Issued Type: | **C-CERTIFIED MAIL** | Reissue: | | Reissue Type: | |
| Return: | | Return Type: | | Return: | | Return Type: | |
| Served: | **01/19/2024** | Service Type | **C-CERTIFIED MAIL** | Service On: | | Notice of No Answer: Served By: | |
| Answer: | | Answer Type: | | Notice of No Service: | | | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | GAR092 | | ADAMS ALLISON JO | AADAMS@STARNESLAW. COM | (205) 868-6000 |

### Party 3 - Defendant OTHER - FICTITIOUS DEFENDANTS 1 THROUGH 13

## Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | D002-Defendant | Name: | FICTITIOUS DEFENDANTS 1 THROUGH 13 | | Type: | O-OTHER |
| Index: | C VESTAL JAMES | Alt Name: | | Hardship: No | JID: | PET |
| Address 1: | 28921 HIGHWAY 5 | | | Phone: (205) 000-0000 | | |
| Address 2: | | | | | | |
| City: | WOODSTOCK | State: | AL | Zip: 35188-0000 | Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | Race: | |

## Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| | | | | |
|---|---|---|---|---|
| Issued: 01/10/2024 | Issued Type: C-CERTIFIED MAIL | Reissue: | Reissue Type: | |
| Return: | Return Type: | Return: | Return Type: | |
| Served: 01/18/2024 | Service Type C-CERTIFIED MAIL | Service On: | Notice of No Answer: Served by: | |
| Answer: | Answer Type: | Notice of No Service: | | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

# Financial

## Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | AOCC | C001 | 000 | $20.42 | $20.42 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV | C001 | 000 | $20.14 | $20.14 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 | C001 | 000 | $338.00 | $338.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | JDMD | C001 | 000 | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $523.56 | $523.56 | $0.00 | $0.00 | |

## Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/11/2024 | RECEIPT | AOCC | 2024066 | 04878600 | $20.42 | C001 | 000 | | N | | | ABM |
| 01/11/2024 | CREDIT | CONV | 2024066 | 04878700 | $20.14 | C001 | 000 | | N | | | ABM |
| 01/11/2024 | RECEIPT | CV05 | 2024066 | 04878800 | $338.00 | C001 | 000 | | N | | | ABM |
| 01/11/2024 | RECEIPT | JDMD | 2024066 | 04878900 | $100.00 | C001 | 000 | | N | | | ABM |
| 01/11/2024 | RECEIPT | VADM | 2024066 | 04879000 | $45.00 | C001 | 000 | | N | | | ABM |

## Case Action Summary

| Date: | Time | Code | Comments | | Operator |
|---|---|---|---|---|---|
| 1/10/2024 | 3:15 PM | ECOMP | COMPLAINT E-FILED. | | GAT001 |
| 1/10/2024 | 3:16 PM | FILE | FILED THIS DATE: 01/10/2024 | (AV01) | AJA |
| 1/10/2024 | 3:16 PM | EORD | E-ORDER FLAG SET TO "Y" | (AV01) | AJA |
| 1/10/2024 | 3:16 PM | ASSJ | ASSIGNED TO JUDGE: COLLINS PETTAWAY | (AV01) | AJA |

| 1/10/2024 | 3:16 PM | SCAN | CASE SCANNED STATUS SET TO: N        (AV01) | AJA |
|---|---|---|---|---|
| 1/10/2024 | 3:16 PM | TDMJ | JURY TRIAL REQUESTED        (AV01) | AJA |
| 1/10/2024 | 3:16 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE        (AV01) | AJA |
| 1/10/2024 | 3:16 PM | ORIG | ORIGIN: INITIAL FILING        (AV01) | AJA |
| 1/10/2024 | 3:16 PM | C001 | C001 PARTY ADDED: VESTAL JAMES        (AV02) | AJA |
| 1/10/2024 | 3:16 PM | C001 | INDIGENT FLAG SET TO: N        (AV02) | AJA |
| 1/10/2024 | 3:16 PM | C001 | LISTED AS ATTORNEY FOR C001: GATHINGS LLOYD WEAVE | AJA |
| 1/10/2024 | 3:16 PM | C001 | C001 E-ORDER FLAG SET TO "Y"        (AV02) | AJA |
| 1/10/2024 | 3:16 PM | D001 | D001 PARTY ADDED: BALLARD-MONTGOMERY, M.D. KAREN | AJA |
| 1/10/2024 | 3:16 PM | D001 | INDIGENT FLAG SET TO: N        (AV02) | AJA |
| 1/10/2024 | 3:16 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE        (AV02) | AJA |
| 1/10/2024 | 3:17 PM | D001 | CERTIFIED MAI ISSUED: 01/10/2024 TO D001    (AV02) | AJA |
| 1/10/2024 | 3:17 PM | D001 | D001 E-ORDER FLAG SET TO "Y"        (AV02) | AJA |
| 1/10/2024 | 3:17 PM | D002 | D002 PARTY ADDED: FICTITIOUS DEFENDANTS 1 THROUGH | AJA |
| 1/10/2024 | 3:17 PM | D002 | INDIGENT FLAG SET TO: N        (AV02) | AJA |
| 1/10/2024 | 3:17 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE        (AV02) | AJA |
| 1/10/2024 | 3:17 PM | D002 | CERTIFIED MAI ISSUED: 01/10/2024 TO D002    (AV02) | AJA |
| 1/10/2024 | 3:17 PM | D002 | D002 E-ORDER FLAG SET TO "Y"        (AV02) | AJA |
| 1/17/2024 | 10:24 AM | ESCAN | SCAN - FILED 1/11/2024 - CERTIFIED MAIL | ABM |
| 1/17/2024 | 10:25 AM | ESCAN | SCAN - FILED 1/11/2024 - CERTIFIED MAIL | ABM |
| 1/23/2024 | 4:20 PM | D001 | SERVICE OF CERTIFIED MAI ON 01/19/2024 FOR D001 | ABM |
| 1/23/2024 | 4:21 PM | ESERC | SERVICE RETURN | ABM |
| 1/23/2024 | 4:25 PM | D002 | SERVICE OF CERTIFIED MAI ON 01/18/2024 FOR D002 | ABM |
| 1/23/2024 | 4:26 PM | ESERC | SERVICE RETURN | ABM |
| 2/22/2024 | 2:53 PM | EMISC | NOTICE OF SUBSTITUTION: PUBLIC OFFICERS (RULE 25 (D) ONLY) E-FILED | HOO014 |
| 4/4/2024 | 10:56 AM | EMOT | D001-OTHER - LIMITED APPEARANCE TO FILE MOTION TO STAY OR ALTERNATIVELY MOTION FOR EXTENSION OF TIME FILED. | GAR092 |
| 4/4/2024 | 11:14 AM | D001 | LISTED AS ATTORNEY FOR D001: ADAMS ALLISON JO | AJA |
| 4/4/2024 | 11:15 AM | EMOT | D001-OTHER /DOCKETED | DEL |
| 4/8/2024 | 10:33 AM | JEORDE | ORDER GENERATED FOR OTHER - LIMITED APPEARANCE TO FILE MOTION TO STAY OR ALTERNATIVELY MOTION FOR EXTENSION OF TIME - RENDERED & ENTERED: 4/8/2024 10:33:03 AM - ORDER | J |
| 4/9/2024 | 1:01 PM | TEXT | CASE IS STAYED PER 04/08/24 ORDER | CHN |
| 4/9/2024 | 1:02 PM | STYL | JAMES VESTAL V. KAREN BALLARD-MONTGOMERY, M.D. ET | CHN |
| 4/9/2024 | 1:02 PM | STYL | AL        (AV01) | CHN |
| 4/9/2024 | 1:02 PM | ADMN | PLACED ON ADMIN DOCKET: 04/08/2024 REASON: O(AV01) | CHN |

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 1/10/2024 3:15:25 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 1/10/2024 3:15:26 PM | 2 | COMPLAINT | | 8 |
| 1/10/2024 3:15:27 PM | 3 | INTERROGATORIES(R33) | PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO KAREN BALLARD-MONTGOMERY, M.D. | 12 |
| 1/10/2024 3:56:44 PM | 4 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 1/10/2024 3:56:46 PM | 5 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 2 |
| 1/11/2024 12:00:06 AM | 6 | CERTIFIED MAIL | | 2 |
| 1/11/2024 12:00:07 AM | 7 | CERTIFIED MAIL | | 2 |
| 1/23/2024 4:21:17 PM | 8 | SERVICE RETURN | SERVICE RETURN | 2 |
| 1/23/2024 4:46:10 PM | 10 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |
| 1/23/2024 4:26:36 PM | 9 | SERVICE RETURN | SERVICE RETURN | 2 |
| 1/23/2024 5:29:56 PM | 11 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |
| 2/22/2024 2:53:39 PM | 12 | NOTICE OF SUBSTITUTION: PUBLIC OFFICERS (RULE 25 (D) ONLY) | NOTICE OF THE UNITED STATES UNDER 42 U.S.C. § 233(l)(1) | 4 |
| 2/22/2024 2:53:45 PM | 13 | MISCELLANEOUS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 4 |
| 4/4/2024 10:56:30 AM | 14 | MOTION_COVER_SHEET | Motion Cover Sheet | 2 |

| 4/4/2024 10:56:31 AM | 15 | MOTION | Defendant's Limited Motion to Stay, or in the Alternative, Motion for Extension of Time | 8 |
| 4/4/2024 10:56:32 AM | 16 | PROPOSED ORDER | Order | 2 |
| 4/4/2024 11:15:26 AM | 17 | MOTION - TRANSMITTAL | E-NOTICE TRANSMITTALS | 4 |
| 4/8/2024 10:33:21 AM | 18 | Order | Order | 2 |
| 4/8/2024 10:33:28 AM | 19 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |

**END OF THE REPORT**

**Exhibit 2**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| JAMES VESTAL, an incompetent adult, by and through his next friend and Mother, KIMBERLY CARTER, | |
| Plaintiff, | CIVIL ACTION CASE 2:24-cv- |
| v. | |
| KAREN BALLARD-MONTGOMERY, M.D., | |
| Defendant. | |

## CERTIFICATION OF SCOPE OF EMPLOYMENT

Pursuant to 42 U.S.C. § 233(c) and by virtue of the authority vested in me by 28 C.F.R. § 15.3(a), I hereby certify that:

1.      I have read the complaint in *James Vestal, an incompetent adult, by and through his next friend and Mother, Kimberly Carter v. Karen Ballard-Montgomery, M.D.,* Civil Action No. 07-CV-2024-900003.00 (Bibb County Circuit Court).

2.      On the basis of the information now available with respect to the claims set forth therein, I find that individual defendant Dr. Karen Ballard-Montgomery, M.D., was acting within the scope of her employment as an

employee of the United States at the time of the incidents out of which Plaintiff's

claims arose.

      DONE, on this the 17th day of April 2024.

PRIM F. ESCALONA,
UNITED STATES ATTORNEY