IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES VESTAL, an incompetent adult, by and through his next friend and Mother, KIMBERLY CARTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL ACTION CASE<br>2:24-cv-00494-RDP |

**DEFENDANT'S MOTION AND BRIEF TO DISMISS,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

The Defendant United States of America, ("United States") by and through Prim F. Escalona, United States Attorney for the Northern District of Alabama, and Jack Hood and Margaret Lester Marshall, Assistant U.S. Attorneys, files this Motion and Brief to Dismiss, pursuant to Rules 12(b)(1) and 56, Federal Rules of Civil Procedure, due to the Plaintiff's failure to exhaust administrative remedies, said exhaustion being a jurisdictional prerequisite prior to the bringing of suit against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 et seq.  In the alternative, the United States moves for summary judgment because there are no genuine issues of material fact and the United States is entitled to judgment as a matter of law. This Motion is based upon

1

the pleadings, the Declaration of Meredith Torres, dated April 4, 2024, attached hereto as Government Exhibit A, and the following points and authorities:

## POINTS AND AUTHORITIES

Under the doctrine of sovereign immunity, the United States "is immune from suit save as it consents to be sued," and "the terms of its consent to be sued in any court define that court's jurisdiction." *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *see Dalehite v. United States*, 346 U.S. 15, 30-31 (1953); accord *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Absent a statutory waiver of sovereign immunity, an action against the United States must be dismissed. *Phillips v. United States*, 260 F.3d 1316, 1318 (11th Cir. 2001). Statutes waiving sovereign immunity are strictly construed in favor of the sovereign. *Department of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999); *Lane v. Pena*, 518 U.S. 187, 192 (1996); *Library of Congress v. Shaw*, 478 U.S. 310 (1986).

Accordingly, as the Supreme Court has explained, the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, 2671-2675, requires strict compliance with the statutory requirements. In *McNeil v. United States*, 508 U.S. 106, at 112 (1993), the Court stated:

> Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of

2

claims. The interest of orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

The FTCA is a limited waiver of the general sovereign immunity of the United States. One of the limitations is that no tort action can be instituted against the United States until an administrative tort claim has been filed with the appropriate federal agency.

28 U.S.C. § 2675(a) states:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied in writing and sent by certified or registered mail. . . .

Compliance with § 2675(a) is a jurisdictional prerequisite to maintaining a lawsuit against the United States. *See Caldwell v. Klinker*, 646 F. App'x 842, 846 (11th Cir. 2016) ("An action against the United States under the FTCA is the exclusive remedy for employment-related torts committed by employees of the federal government."). "The FTCA provides a limited waiver of the United States' sovereign immunity for tort claims." *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006). Moreover, this jurisdictional defect cannot be cured by

3

filing an administrative claim after filing a complaint in court. *McNeil v. United States*, 508 U.S. 106 (1993).

The Plaintiff's allegations in the Complaint for medical negligence clearly sound in tort. However, as set out in the Declaration of Meredith Torres, on behalf of the U.S. Department of Health and Human Services ("DHHS") (Government Exhibit 1), the Plaintiff has failed to satisfy the administrative claim requirement of 28 U.S.C. § 2675(a) as the Plaintiff did not file an administrative claim with the DHHS prior to filing the case at bar. The said federal agency has not received a claim for damages regarding the allegations raised in Plaintiff's complaint. *Id.*

In this case, the requirements of the FTCA are clear, and they have not been met by the Plaintiff. This Honorable Court, therefore, lacks subject matter jurisdiction over this cause of action, and the United States respectfully requests that it be dismissed. (*See Chamblin v. United States*, 2022 WL 17721585 (N.D. Ala., 2022) (similar removed case dismissed for lack of subject matter jurisdiction).

WHEREFORE, the United States of America moves the Court for an Order dismissing this civil action due to the Plaintiff's failure to exhaust administrative remedies pursuant to FRCP Rule 12(b)(1) which creates a lack of subject matter jurisdiction, or in the alternative granting summary judgment pursuant to FRCP

4

Rule 56 because there are no genuine issues of material fact and the United States is entitled to judgment as a matter of law; and further granting all equitable relief.

>Respectfully submitted,
>
>PRIM F. ESCALONA
>UNITED STATES ATTORNEY
>
>**s/ Jack Hood**
>Jack Hood
>**s/ Margaret Lester Marshall**
>Margaret Lester Marshall
>Assistant United States Attorneys
>U.S. Attorney's Office
>State Bar No. D41J (Hood)
>State Bar No. X29Q (Marshall)
>1801 Fourth Avenue North
>Birmingham, Alabama 35203
>(205) 244-2001
>(205) 244-2181 (fax)
>jack.hood@usdoj.gov
>margaret.marshall@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the foregoing Notice of the United States Under 42 U.S.C. § 233(l)(1) was sent by first-class mail and by email on April 19, 2024, to the following:

>Lloyd W. Gathings, Esq.
>Todd S. Strohmeyer, Esq.
>Attorneys for Plaintiff
>Gathings Law
>2140 11st Avenue North
>Suite 210
>Birmingham, Alabama 35205
>Telephone: (205) 322-1201
>Fax: (205) 322-1202

       E-mail: lgathings@gathingslaw.com
       E-mail: tstromeyer@gahtingslaw.com

                **/s/ Jack Hood**
                Jack Hood
                Assistant United States Attorney

**Government Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| James Vestal, an incompetent adult, by and through his friend and mother, Kimberly Carter,  )<br>)<br>)<br>Plaintiffs,                                       )<br>)<br>)<br>v.                                                        )<br>)<br>Karen Ballard-Montgomery, M.D.,                          )<br>and Fictitious Defendants 1-13,                          )<br>)<br>Defendants.                                   )<br>_____)  | Case No. |

DECLARATION OF
MEREDITH TORRES

1. I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department has a Claims Office that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3. As a consequence, if an administrative tort claim had been filed with the Department with respect to Cahaba Medical Care Foundation, its approved delivery sites, or its employees or qualified contractors, a record of that filing would be maintained in the Claims Office's database.

-2-

4. I caused a search of the Claims Office's database to be conducted and found no record of an administrative tort claim filed by Kimberly Carter, Mother and Next Friend of James Vestal, an incompetent adult, or an authorized representative relating to Cahaba Medical Care Foundation and/or Dr. Karen Ballard-Montgomery.

5. I have also reviewed official Agency records and determined that to Cahaba Medical Care Foundation was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2019 and that its coverage has continued without interruption. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employees under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. Copies of the notifications by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services, to Cahaba Medical Care Foundation are attached to this declaration as Exhibit 1.

6. I have also reviewed the employment records submitted by Cahaba Medical Care Foundation, on behalf of the defendant, Dr. Karen Ballard-Montgomery and I have determined Dr. Karen Ballard-Montgomery was an employee of Cahaba Medical Care Foundation at the time of the incidents giving rise to this suit.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this 4th day of April, 2024.

*Meredith Jones*

MEREDITH TORRES
Senior Attorney, Claims and Employment Law
General Law Division
Office of the General Counsel
Department of Health and Human Services

**Exhibit 1**

| | | |
|---|---|---|
| FTCA DEEMING NOTICE NO.:<br>1-F00001092-22-01 | GRANT NUMBER:<br>H80CS24177 |  |

Cahaba Medical Care Foundation
195 HOSPITAL DR
CENTREVILLE, AL35042

Dear John B Waits:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems Cahaba Medical Care Foundation to be an employee of the PHS, for the purposes of section 224, effective 1/1/2023 through 12/31/2023.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both Cahaba Medical Care Foundation and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information regarding FTCA, please contact the Health Center Program Support (Formally the BPHC Helpline) at 877-464-4772, option 1, or using the BPHC Contact Form.

A printer version document only. The document may contain some accessibility challenges for the screen reader users. To access same information, a fully 508 compliant accessible HTML version is available on the HRSA Electronic Handbooks in the FTCA Folder. If you need more information, please contact the BPHC Helpline at 877-974-BPHC (2742); Weekdays from 8:30 AM to 5:30 PM ET.